IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALVIN PARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>USAA CASUALTY INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY a/k/a GEICO and ABC CORPS(S)(1-100),<br><br>    Defendants. | Civil No. 17 – 3214<br><br>**OPINION** |

APPERANCES:

By: Teresa Gerlock Hanni, Esq.
    Michael Glassman & Associates LLC
    Laurel Wood Corporate Center
    1103 Laurel Oak Road, Suite 140
    Voorhees, New Jersey, 08043
        Counsel for Plaintiff

    Lindsay L. Andreuzzi, Esq.
    Marni Sabrina Berger, Esq.
    Post & Schnell PC
    Four Penn Center, 13th Floor
    1600 JFK Boulevard
    Philadelphia, Pennsylvania 19103
        Counsel for Defendant USAA Casualty Insurance
        Company

    Colleen M. Ready, Esq.
    Margolis Edelstein
    100 Century Parkway
    Suite 200
    Mount Laurel, New Jersey, 08054
        Counsel for Defendant Government Employees
        Insurance Company

BUMB, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon cross motions for partial summary judgment filed by co-defendants USAA Casualty Insurance Company ("USAA") and Government Employees Insurance Company ("GEICO") concerning the allocation of underinsured motorist coverage ("UIM") between themselves. For the reasons set forth below, the Court will grant GEICO's motion and deny USAA's cross motion.[1]

## I. Facts and Procedural History

The instant dispute involves only legal questions concerning the application and interpretation of the GEICO insurance policy at issue. For the purposes of the pending cross motions, the following facts are undisputed.

Plaintiff Alvin Parker Jr. was injured in an auto accident on October 20, 2013. Parker Jr. was driving his mother's vehicle when another driver crashed into him. At the relevant time, Parker Jr.'s mother had automobile insurance coverage with Defendant GEICO, and Parker Jr. had automobile insurance coverage with Defendant USAA. It is undisputed that under the terms of the insurance policies, GEICO is the primary insurer, and USAA is the excess insurer with regard to the accident at issue.

---

[1] The Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

The other driver was determined to be at fault, and his insurance company settled with Parker Jr. for $100,000, which was the limit of the other driver's policy. It is undisputed that the other driver is an underinsured motorist for the purposes of this suit.

The GEICO policy provides UIM coverage up to $100,000. Plaintiff's USAA policy provides UIM coverage up to $300,000.

This suit was removed to this Court on the basis of diversity of citizenship on May 5, 2017. The Complaint asserts four counts: (1) breach of contract / claim for UIM benefits and (2) bad faith denial of insurance benefits against USAA; and (3) breach of contract / claim for UIM benefits and (4) bad faith denial of insurance benefits against GEICO.

The bad faith counts-- Counts 2 and 4-- were dismissed without prejudice on May 24, 2017.

GEICO presently moves for summary judgment on the breach of contract claim against it; and USAA cross moves for summary judgment on the same claim. Plaintiff Parker Jr. has filed no papers in response to either motion. The parties do not dispute that Parker Jr. is owed $200,000.00 (in addition to the $100,000 he received from the underinsured motorist's insurer), and so the Court presumes that Parker Jr. takes no position as to how GEICO and USAA allocate between themselves payment of the $200,000.00.

2

**II. <u>Summary Judgment Standard</u>**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

For the purposes of the instant motions, there are no disputed material facts. Therefore, the only question before the Court on these cross motions for summary judgment is whether either GEICO or USAA is entitled to judgment as a matter of law.

**III. <u>Analysis</u>**

GEICO moves for summary judgment arguing that it is obligated to pay Parker Jr. nothing, because, it asserts, under the terms of the GEICO policy, GEICO is entitled to a $100,000 credit (i.e., a credit up to the limits of the GEICO policy) because the underinsured motorist's insurer paid Parker Jr. $100,000. USAA argues, however, that the relevant portions of the GEICO policy require "pro rata sharing [between GEICO and USAA] of UIM obligations." (Opposition / Moving Brief, Dkt No. 27-2, p. 8)

The relevant portions of the GEICO policy provide:

> 4. OTHER INSURANCE
>    (a) BODILY INJURY
>    When an *insured* occupies an auto or other motor vehicle not described in this policy, this insurance is excess over any other similar insurance available to the insured. The insurance which applies to the occupied auto or other motor vehicle is primary.
>    Except as provided above, if the insured has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the insured has other insurance against a loss covered by the Uninsured Motorists provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.
>
> 4. When coverage is afforded to two or more autos under this policy, the limits of liability shall apply separately to each auto as stated in the Declarations. But these limits may not be combined so as to increase the stated coverage for the auto involved in the accident.
>    If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.
>    The amount payable under this coverage will be reduced by all amounts:
>    (a) Paid by or for all persons or organizations liable for the injury;

(GEICO's Ex. D, Dkt No. 25-7)[2]

GEICO, in support of its argument that it is entitled to a credit against its coverage, relies on the policy language which states, "[t]he amount payable under this coverage will be reduced by all amounts (a) paid by or for all persons or organizations liable for the injury." According to GEICO, "[i]nasmuch as the [underinsured motorist's] liability limits were $100,000, and the plaintiff received that amount from the [underinsured motorist's] carrier, GEICO is entitled to a credit of $100,000 as against its UIM coverage limits of $100,000, which means that there is zero UIM coverage available to the

---

[2] GEICO's policy is consistent with New Jersey law which provides that "[t]he limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds[.]" N.J.S.A. 17:28-1.1(e).

plaintiff under the GEICO policy." (Moving Brief, Dkt No. 25-3, p. 4)

In opposition, USAA argues that the provision GEICO relies upon, when read in context, does not apply to this case. According to USAA, that subsection "is limited to the factual scenario where there are two or more vehicles insured under the GEICO policy and potential intra-policy stacking is at issue." (Opposition / Moving Brief, Dkt No. 27-2, p. 4) The applicable provision of the policy, USAA asserts, is the earlier appearing provision which states, "[i]f the insured has other insurance against a loss covered by the Uninsured Motorists provisions of this policy, we will not be liable for more than our pro rata share of the total coverage available."[3]

In reply, GEICO disagrees with USAA's assertion that coverage reduction only occurs when two or more vehicles are insured under the same GEICO policy. GEICO observes that the entire paragraph addresses more than just intra-policy stacking; it also addresses stacking of separate policies, and in both situations the policy states that stacking is not allowed-- i.e., an insured cannot increase the coverage available under

---

[3] USAA alternatively argues that, because GEICO and USAA dispute the applicable provisions, the policy must be ambiguous. (Opposition / Moving Brief, Dkt No. 27-2, p. 12) As explained infra, the provision USAA relies upon is clearly inapplicable and therefore there is no ambiguity in the policy.

5

the policy by any sort of stacking. (Reply Brief, Dkt No. 28, p. 2) Thus, GEICO asserts, in similar fashion, coverage under the GEICO policy is reduced by all amounts paid by or for all persons liable for the injury. According to GEICO, "this coverage" means UIM coverage, not, as USAA asserts, coverage when intra-policy stacking is at issue. (Id.)

The fundamental flaw in USAA's argument is that the clause USAA relies upon refers to the <u>Un</u>insured Motorist provisions of the GEICO policy, whereas this case does not involve an uninsured motorist, but rather an <u>under</u>insured motorist. This is not an inconsequential distinction. Both the GEICO policy itself and New Jersey statute distinguish between uninsured motorist coverage and underinsured motorist coverage.

Section IV of the GEICO policy-- the section in which the above-excerpted provisions appear-- is entitled "UNINSURED/UNDERINSURED MOTORISTS COVERAGE." (Dkt No. 25-7, p. 23 of 45) Appearing immediately beneath this heading is the "DEFINITIONS" section, which separately defines "underinsured motor vehicle" and "uninsured motor vehicle." (Id. at p. 24 of 45) Further removing all doubt that "underinsured" does not mean "uninsured," and vice versa, the definition of "underinsured motor vehicle" expressly "does not include an uninsured motor vehicle," and the definition of "uninsured motor

6

vehicle" expressly "does not include an underinsured vehicle." (Id.)

Likewise, N.J.S.A. 17:28-1.1 separately defines "underinsured motorist coverage," 17:28-1.1(1), and "uninsured motor vehicle," 17:28-1.1(1), and further states that "'[u]ninsured motor vehicle' shall not include . . . an underinsured motor vehicle.'" Id., see also, Prudential Prop. & Cas. Ins. Co. v. Johnson, 238 N.J. Super. 1, 7 (App. Div. 1989) ("Johnson also suggests that we should interpret the UIM statute and the UM statute similarly. He bases his argument on earlier cases that dealt only with UM coverage. . . . Johnson's reliance on these cases, however, is clearly misplaced. The UM coverage statute does not require an offset for payments made under liability coverage, whereas the UIM statute compels such an offset."). Thus, to accept USAA's argument would be to read "uninsured" to mean "underinsured,"-- two distinct statutory terms of art-- in contravention of the plain language of the GEICO policy. This the Court cannot, and will not, do.

Moreover, New Jersey case law concerning set-offs against UIM coverage supports GEICO's position. See Filippatos v. Selective Insurance Company of America, 241 N.J. Super. 236, 238 (App. Div. 1990) ("The available limit of plaintiff's $500,000 UIM coverage must be reduced to $350,000 by the $150,000 he has recovered under the tortfeasor's liability insurance.");

7

accord., Gambino v. State Farm Ins. Co., 348 N.J. Super. 204, 209 (App. Div. 2002) (discussing with approval, and applying Filippatos); see also Ball v. Reese, 2018 WL 220771 (App. Div. May 15, 2018) (holding that the trial court did not err "in applying a credit against an injured plaintiff's underinsured motorist ('UIM') coverage."); Maleta v. N.J. Manufacturers Ins. Co., 2007 WL 1703443 at *2 ("As a final matter, we note that even if $100,000 in UIM coverage were available to Maleta pursuant to NJM's coverage provisions, Fahmy's $100,000 liability coverage would be set off against it, reducing Maleta's recovery to zero."); Krohn v. New Jersey Full Ins. Underwriters Ass'n, 316 N.J. Super. 477, 485 (App. Div. 1998) ("The Association contends that the settlement amount should have been credited against plaintiff's UIM policy limit, rather than being deducted from the jury's damage award. We agree."); Wert v. Picciano, 189 N.J. Super. 178, 184 (Law. Div. 1982) ("Therefore in this case the court holds that plaintiffs' recovery shall be limited to the difference between the face amount of the UIM endorsement of $25,000 and the $15,000 payment made by Safeco on behalf of the insured tortfeasor, or $10,000."); see generally, French v. New Jersey Sch. Bd. Ass'n Ins. Grp., 149 N.J. 478, 491 (1997) ("Other insurance clauses originated in property insurance to protect insurers from being required to pay double recoveries, and were later used by

8

insurers in automobile policies to decrease or abolish duplicate coverage various insurers were required to supply when multiple policies applied to a claim.").

Accordingly, the Court holds that GEICO is entitled to a $100,000 credit towards its UIM coverage limit, thereby exhausting the coverage limits. Summary judgment will be granted to GEICO as to Plaintiff's claim for UIM benefits, and USAA's cross motion will be denied.

**IV. <u>Conclusion</u>**

For the forgoing reasons, GEICO's motion for summary judgment as to Plaintiff's breach of contract / claim for UIM benefits against GEICO will be granted, and USAA's cross motion for summary judgment as to that claim will be denied. An appropriate Order shall issue.


May 31, 2018                    __s/ Renée Marie_Bumb_____
                                        RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE